**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**

**VERSUS**

**JONATHAN FRANCIS KIMBRELL**

**CRIMINAL ACTION**

**NO. 19-70-JWD-EWD**

## RULING AND ORDER

This matter comes before the Court on the *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("*§ 2255 Motion*") (Doc. 146) filed by Petitioner Jonathan Francis Kimbrell[1] ("Petitioner" or "Kimbrell"). The Government opposes the motion. (Doc. 148.) Petitioner has filed a reply. (Doc. 149.) An evidentiary hearing is not necessary. For the reasons below, the Court denies Petitioner's *§ 2255 Motion*.

## I.    RELEVANT BACKGROUND

Petitioner was indicted on June 20, 2019, for one count of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). (Doc. 12 at 1.) There was a three-day jury trial beginning on February 11, 2020. (Docs. 76–78.) The jury returned a guilty verdict on February 13, 2020. (Doc. 80.) On June 7, 2021, Petitioner was sentenced to 292 months, followed by a five-year term of supervised release. (Doc. 127 at 1–3.)

After sentencing, Petitioner appealed to the Fifth Circuit, (Doc. 124), arguing that "the district court erred by failing to instruct the jury sua sponte on the defense of entrapment," *United States v. Kimbrell*, No. 21-30338, 2022 WL 3334499, at *1 (5th Cir. Aug. 12, 2022) (per curiam). The Fifth Circuit affirmed Petitioner's conviction, finding that Petitioner "failed to set forth a prima facie case of entrapment." *Id.* Namely, Petitioner "fail[ed] to show that he was not predisposed to commit the enticement offense," as evidenced by his eagerness to engage in sexual acts with Layla,

---

[1] In the interest of administrative and filing ease, Petitioner Jonathan Francis Kimbrell's Reg. No. is #09189-095.

a fictitious minor.[2] *Id.* (citing *United States v. Theagene*, 565 F.3d 911, 919 (5th Cir. 2009); *United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001)). Consequently, "the district court did not err, plainly or otherwise, by not sua sponte instructing the jury on the theory of entrapment." *Id.* (citations omitted).

Petitioner filed a petition for a writ of certiorari, which the Supreme Court denied on December 12, 2022. (Doc. 145 at 2.) On January 23, 2023, Petitioner timely filed the instant *§ 2255 Motion*. (Doc. 146.)

## II. PARTIES' ARGUMENTS

### A. Petitioner's *§ 2255 Motion* (Doc. 146)

In his *§ 2255 Motion*, Petitioner identifies two separate-but-related bases for vacating his sentence: (1) Petitioner is not guilty because he was entrapped, and (2) Petitioner's counsel was ineffective. (Doc. 146 at 4–5.) Petitioner faults his attorney for failing to raise either issue on direct appeal. (*Id.* at 4–6, 9.) Petitioner denies that he knew of the entrapment defense until after his conviction, but he suggests that he raised the defense "indirectly in [his] objections to the [Pre-Sentence Investigation Report ('PSR')], the Third Supplemental Addendum to [the] PSR." (*Id.* at 9.) Likewise, Petitioner claims to have indirectly raised ineffective assistance of counsel via a letter to the Court, in which Petitioner "express[ed] concerns about [his] trial lawyer." (*Id.*)

First, Petitioner argues that he is not guilty because the Government induced him to attempt to commit an offense which he was not predisposed to commit. (*Id.* at 5.) Petitioner explains that he responded to an advertisement on an "adult hook-up website" and was subsequently "induced by the Government" to exchange e-mails with and about a fictitious minor. (*Id.*) But, Petitioner argues, "[t]he fact that [he] had endless opportunity for 20 years, as a parent raising [three]

---

[2] Federal agents posed as the fictitious minor and the fictitious minor's mother and stepfather. (*See, e.g.*, Doc. 148 at 2–3.) Petitioner communicated with all three fictitious individuals via e-mail. (*See, e.g., id.* at 5.)

daughters and constantly in contact with minors in person and on Social Media," demonstrates that he was not predisposed to commit the instant offense. (*Id.*; *see also id.* at 4 ("Even ready response to Government solicitations, according to the U.S. Supreme Court, is not enough to prove predisposition.").) Because he was induced—and because "the Government has no evidence which could prove [predisposition] beyond a reasonable doubt"—Petitioner contends that he "was entrapped as a matter of law." (*Id.* at 5.) Second, Petitioner claims that "[his] lawyer[']s failure to instruct [him] on the law of entrapment, provide a proper entrapment defense, or ask for an entrapment instruction, was ineffective assistance [of] counsel." (*Id.* at 4.)

### B.    Government's *Opposition* (Doc. 148)

The Government responds that Petitioner's entrapment argument is meritless and that, as a result, "it was not unreasonable for trial counsel to forego an entrapment defense." (Doc. 148 at 1.) First, the Government explains that the entrapment argument "is foreclosed." (*Id.* at 16.) "The Fifth Circuit has already determined that there was insufficient evidence of entrapment to warrant an entrapment charge." (*Id.* (referencing *Kimbrell*, 2022 WL 3334499, at \*1).) "In other words, there was not enough evidence for *any* reasonable jury to find entrapment, much less so much evidence that *every* reasonable jury would find entrapment." (*Id.* (citing *United States v. Nations*, 764 F.2d 1073, 1080 (5th Cir. 1985)).) Plus, Petitioner's *§ 2255 Motion* "does not engage in any meaningful analysis of the evidence." (*Id.*) By contrast, the Government demonstrated on direct appeal that Petitioner was actively trying to meet the fictitious minor and that he was a "'ready and willing participa[nt]' in the illegal conduct." (*Id.* at 17 (quoting *Reyes*, 239 F.3d at 739).)

Second, the Government notes that "a lawyer does not act unreasonably when he fails to raise a defense of entrapment that has no evidentiary basis." (*Id.* at 18 (citing *Veal v. Keith*, No. 14-762, 2014 WL 7240146, at \*10 (E.D. La. Dec. 19, 2014); *Correa v. United States*, No. 12-445,

3

2012 WL 4027177, at *2 (W.D. Tex. Sept. 12, 2012)).) Likewise, "where 'entrapment [is] not a viable defense,' a defendant cannot demonstrate prejudice from counsel's failure to raise [it]." (*Id.* (quoting *Jones v. Jones*, 163 F.3d 285, 305 (5th Cir. 1998)).) Here, Petitioner's "own trial testimony 'undermined any entrapment defense'" by revealing that Petitioner "was the one pushing for a meeting." (*Id.* at 19 (quoting *Veal*, 2014 WL 7240146, at *10).) "It was therefore reasonable for [Petitioner's] trial counsel to decline to raise an entrapment defense." (*Id.* (citing *Veal*, 2014 WL 7240146, at *10).) Finally, Petitioner "has failed to demonstrate prejudice from the lack of an entrapment defense" because—"[a]s the Fifth Circuit's decision makes clear"—such a defense "would have had no chance of success." (*Id.*) Relatedly, Petitioner cannot show that trial counsel's "fail[ure] to instruct [Petitioner] on the law of entrapment" was deficient or prejudicial. (*Id.* at 20.)

### C.    Petitioner's *Reply* (Doc. 149)

Petitioner reiterates that he was entrapped and that his attorney's failure to (1) instruct him on the law of entrapment, (2) present an entrapment defense, or (3) request an entrapment instruction constituted ineffective assistance of counsel. (Doc. 149 at 1–2.) Petitioner cites *United States v. Theagene* for the proposition that "persuasion or mild coercion and pleas based on need, sympathy, or friendship can constitute sufficient inducement to permit jury consideration of entrapment." (*Id.* at 3–4 (quoting *Theagene*, 565 F.3d at 922 (cleaned up)).) He argues that, here, the Government "repeated[ly] induce[d]" him to commit the offense. (*Id.* at 4–5 (citing *Jacobson v. United States*, 503 U.S. 540, 553 (1992)) (giving examples).) Petitioner also reiterates that he was not predisposed to commit the offense, as evidenced by his having "endless opportunity [to do so] for 20 years, as a father raising [three] daughters and constantly exposed to minors both in person and online through multiple social media platforms as well as e-mail." (*Id.* at 5.) Petitioner

4

insists that a reasonable jury "could have concluded that [he] was not predisposed based on his 'lack of prior interest or experience.'" (*Id.* (quoting *Theagene*, 565 F.3d at 920).)

According to Petitioner, he could not have raised an entrapment defense during trial, because he "knew nothing about the law of entrapment until after [his] conviction due to [his] lawyer's incompetence and ineffectiveness." (*Id.* at 9.) Petitioner also contends that he did not raise entrapment on direct appeal, and so the Government is incorrect that the Fifth Circuit rejected the argument. (*Id.* at 8.) Simultaneously, though, Petitioner asserts that the Fifth Circuit "refused to a[c]knowledge the evidence" that Petitioner was entrapped—specifically, Petitioner's "examples of inducement and lack of predisposition." (*Id.*)

## III.    LEGAL STANDARDS

### A.    *Pro Se* Litigants

Courts construe *pro se* litigants' pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *accord Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). *Pro se* litigants, however, "must still brief the issues and reasonably comply" with the relevant procedural rules. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)); *see Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 n.10 (5th Cir. 2017) (per curiam) (citing *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986) (per curiam)). Likewise, even for *pro se* litigants, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice' to state a claim for relief." *Coleman*, 858 F.3d at 309 (quoting *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021) (citations omitted).

5

**B.    28 U.S.C. § 2255**

A federal prisoner can move to vacate, set aside, or correct a sentence on the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). That said, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (citing, *inter alia*, *United States v. Addonizio*, 442 U.S. 178, 184–85 (1979)). Rather, 28 U.S.C. § 2255 "provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (quoting *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992) (per curiam)); *accord United States v. Prince*, 868 F.2d 1379, 1382 (5th Cir.), *cert. denied*, 493 U.S. 932 (1989).

A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (quoting *Frady*, 456 U.S. at 168). Except in "'extraordinary' cases involving 'manifest miscarriage[s] of justice,'" a collateral attack requires a demonstration of both "cause and actual prejudice . . . even when [the petitioner] alleges a fundamental constitutional error." *Id.* (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Murray v. Carrier*, 477 U.S. 478, 493, 496 (1986)).

Finally, "[a] § 22[5]5 movant is entitled to a[n] [evidentiary] hearing '[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief' on his underlying claims." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (quoting 28

6

U.S.C. § 2255(b)); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988) (per curiam); *United States v. Raetzsch*, 781 F.2d 1149, 1152 (5th Cir. 1986)).

## IV.    DISCUSSION

### A.    Entrapment Defense

#### 1.  *Applicable Law*

"Entrapment occurs when the government causes an offense to be 'committed by a person other than one ready to commit it.'" *Theagene*, 565 F.3d at 918 (quoting *United States v. Bradfield*, 113 F.3d 515, 521 (5th Cir. 1997)); *accord Jacobson*, 503 U.S. at 549. "The critical determination in an entrapment defense is whether criminal intent originated with the defendant or with government agents." *Theagene*, 565 F. 3d at 918 (quoting *Bradfield*, 113 F.3d at 521). A defendant must "make a prima facie showing of (1) his lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense." *Id.* (citing *Bradfield*, 113 F.3d at 521). "The measure of sufficiency for the prima facie showing is whether the evidence of inducement and lack of predisposition, considered together, is sufficient to permit a reasonable jury to find entrapment." *Id.* (citing *Bradfield*, 113 F.3d at 521–22; *Nations*, 764 F.2d at 1079–80).

Predisposition is a question of whether "the defendant intended, was predisposed, or was willing to commit the offense *before first being approached by government agents*." *Id.* at 919 (emphasis in original) (citing *Bradfield*, 113 F.3d at 522 (citing *United States v. Johnson*, 872 F.2d 612, 620–21 (5th Cir. 1989))). Indicia of predisposition include "active, enthusiastic participation or demonstrated expertise in the criminal endeavor." *Id.* at 919–20; *accord Reyes*, 239 F.3d at 739 (citing, *inter alia*, *United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997) (per curiam)); *United*

*States v. Nelson*, 732 F.3d 504, 514–15 (5th Cir. 2013). Additionally, "independently motivated behavior" occurring "after government solicitation begins" can demonstrate predisposition. *United States v. Brace*, 145 F.3d 247, 262 (5th Cir. 1998) (emphasis omitted) (quoting *United States v. Byrd*, 31 F.3d 1329, 1336 (5th Cir. 1994)). On the other hand, "[a] lack of predisposition can appear from, for example, lack of prior interest or experience related to the crime, significant hesitation or unwillingness, or attempts to return discussion to lawful conduct." *Theagene*, 565 F.3d at 920.

"Government involvement in [an] offense is not the equivalent of government inducement." *United States v. Gutierrez*, 343 F.3d 415, 420 (5th Cir. 2003); *see also Theagene*, 565 F.3d at 922 ("It does not constitute entrapment for government agents to merely conduct undercover operations or otherwise employ 'artifice and stratagem' to catch criminals." (quoting *United States v. Ogle*, 328 F.3d 182, 185 (5th Cir. 2003))). Rather, "[g]overnment inducement consists of the creative activity of law enforcement officials in spurring an individual to crime." *Gutierrez*, 343 F.3d at 420 (quoting *Bradfield*, 113 F.3d at 522). "[P]ersuasion or mild coercion and pleas based on need, sympathy, or friendship can constitute sufficient inducement to permit jury consideration of entrapment." *Theagene*, 565 F.3d at 922 (cleaned up) (quoting *Nations*, 764 F.2d at 1080); *cf. Bradfield*, 113 F.3d at 523–24 & n.27 (noting that the Government "repeatedly tried to tempt" the defendant to participate in a drug deal).

### 2. Analysis

Preliminarily, the Court notes that Petitioner's statements are largely conclusory. *See Coleman*, 858 F.3d at 309 (citing *Taylor*, 296 F.3d at 378). In any event, the Court agrees with the Government that Petitioner's entrapment argument is effectively foreclosed. (*See* Doc. 148 at 1, 16; *see also* Doc. 149 at 8.) On direct appeal, Petitioner contended that this Court "erred by failing to instruct the jury sua sponte on the defense of entrapment even though [Petitioner] established at

trial the requisite Government inducement and [Petitioner's] lack of predisposition to commit the offense." *Kimbrell*, 2022 WL 3334499, at *1 (citing *Theagene*, 565 F.3d at 918). The Fifth Circuit rejected this argument, finding that Petitioner had "failed to set forth a prima facie case of entrapment." *Id.* (citations omitted); *see also Theagene*, 565 F.3d at 918 (citations omitted) ("The measure of sufficiency for the prima facie showing is whether the evidence . . . is sufficient to permit a reasonable jury to find entrapment."); *Nations*, 764 F.2d at 1077, 1080 (citations omitted) ("[T]o declare entrapment as a matter of law requires the conclusion that a reasonable jury could not find that the government discharged its burden of proof."); *cf. United States v. Jackson*, 700 F.2d 181, 186–87 (5th Cir. 1983) (rejecting the defendant's argument that he was not predisposed to commit the offense, as evidenced by his lack of a criminal record); *id.* at 187 ("Our holding on the need for a jury instruction precludes the need to consider Hicks's claim that he was entrapped as a matter of law."). And "once a claim is raised and adjudicated on direct appeal, the [petitioner] cannot re-raise the claim under § 2255 absent a change in law." *United States v. Davis*, 971 F.3d 524, 531 (5th Cir. 2020) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)).

Even if the Court were to re-consider Petitioner's entrapment argument, the outcome here would not change. The evidence presented at trial thoroughly demonstrates that: (1) Petitioner was "undeterred" by the age of the fictitious minor; (2) Petitioner's e-mails "eagerly and enthusiastically express[ed] his interest in having sex with [the fictitious minor] after learning of her age"; and (3) Petitioner "persisted with plans to meet" the fictitious minor for sex, even when the federal agents posing as the fictitious minor and the fictitious minor's mother and stepfather "disengaged from the conversation . . . , equivocated on scheduling a meeting, and offered [Petitioner] numerous opportunities to abandon his plans." *See Kimbrell*, 2022 WL 3334499, at *1. Petitioner's selective recitation of e-mails, (*see, e.g.*, Doc. 149 at 2–5), does not persuade the

Court that Petitioner was induced to commit the instant offense, *see Theagene*, 565 F.3d at 922.[3] And the fact that Petitioner had not previously attempted to entice or coerce a minor, despite having "endless opportunity for 20 years, as a father raising [three] daughters and constantly exposed to minors both in person and online," (*see* Doc. 149 at 5), does not alter the fact that Petitioner actively and enthusiastically pursued the possibility of having sex with the fictitious minor here, (*see, e.g.*, Doc. 148 at 2–7 (citations omitted); Doc. 148-1 at 10–34 (citations omitted)).[4]

### B.    Ineffective Assistance of Counsel

#### 1.    Applicable Law

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (citing *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992)). Under *Strickland v. Washington*, an ineffective assistance of counsel claim requires showing that (1) "counsel's performance was deficient because it fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *United States v. Lincks*, 82 F.4th 325, 330 (5th Cir. 2023) (citing *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984)).

The deficient performance prong requires a demonstration that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 330–31 (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at

---

[3] *See also United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996) (citing, *inter alia*, *United States v. Ivey*, 949 F.2d 759, 768–69 (5th Cir. 1991)) ("[The Fifth Circuit's] decisions leave no doubt that while a particular piece of evidence standing alone may support inferences that warrant an instruction, those inferences may evaporate after reviewing the entire record.").

[4] *See also Theagene*, 565 F.3d at 919 (citing *Ogle*, 328 F.3d at 185–86) ("Evidence of predisposition can include, for example, active, enthusiastic participation or demonstrated expertise in the criminal endeavor."); *Jackson*, 700 F.2d at 186–87 (rejecting the defendant's reliance "on his reputation as a successful businessman with no record of illegal conduct," and noting that the defendant had "eagerly t[aken] an active role in each step of" the conspiracy).

687). The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough . . . to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Instead, the petitioner "must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bass*, 310 F.3d at 325 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Failure to establish either the deficient performance prong or the prejudice prong "defeats the claim" of ineffective assistance of counsel. *Lincks*, 82 F.4th at 330 (citing *Strickland*, 466 U.S. at 697).

### 2. *Analysis*

For the reasons above, the Court finds that entrapment was, at a minimum, "not a viable defense." *See Jones*, 163 F.3d at 304–05; *see also Kimbrell*, 2022 WL 3334499, at *1 (determining that Petitioner "failed to set forth a prima facie case of entrapment"). Indeed, Petitioner's own trial testimony contradicts his entrapment argument, *viz.*, by suggesting that Petitioner was the one "pushing" for a meeting and otherwise "trying to make something happen." (*See* Doc. 133 at 88, 131; *see also id.* at 115–16 (explaining that Petitioner's e-mails were intended to "keep them [i.e., the fictitious mother and stepfather] engaged, keep them interested, get them comfortable, get them to meet"); Doc. 148 at 7–8, 17–19 (discussing Petitioner's trial testimony and collecting examples).) Consequently, the Court cannot conclude that counsel's failure to raise the defense was deficient. *See Lincks*, 82 F.4th at 330–31; *see also Veal*, 2014 WL 7240146, at *10 (citing *Strickland*, 466 U.S. at 691) ("Veal's trial testimony undermined any entrapment defense. . . . This record supports counsel's strategic decision to forego an entrapment defense."). And "[w]ith no reasonable probability that pursuing the defense would have resulted in a different verdict," the

Court cannot conclude that counsel's failure to (1) instruct Petitioner on entrapment, (2) raise an entrapment defense, or (3) request an entrapment instruction prejudiced Petitioner in any way. *See Veal*, 2014 WL 7240146, at *10 (citing *Jones*, 163 F.3d at 304–05).

**V.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Petitioner Jonathan Francis Kimbrell's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("*§ 2255 Motion*") (Doc. 146) is **DENIED**.

Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court finds that any appeal from this decision would not be taken in good faith and therefore should not be taken *in forma pauperis*. *See id.* § 1915(a)(3); Fed. R. App. P. 24(a)(3).

Signed in Baton Rouge, Louisiana, on <u>March 31, 2026</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

12